IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 17, 2007 Session

## THOMAS R. JONES, JR. v. HEATHER L. RUSCH-JONES

**Appeal from the Fourth Circuit Court for Knox County**
**Nos. 97520 & 97555      Bill Swann, Judge**

———————

**No. E2006-01998-COA-R3-CV  - FILED JULY 19, 2007**

———————

CHARLES D. SUSANO, JR., concurring.

I concur in the majority opinion.  I write separately to address two matters.

First, I do not understand why the trial judge harkened back to an earlier - in fact, a much earlier - trial experience involving the judge as "a young judge on the bench"[1] and Mother's counsel in the instant case.  While the record does not reflect the details of that experience, the court intimates that, as far as the court was concerned, it involved an attack on the "fact finder," *i.e.*, the trial judge in this case.  Regardless of what happened at that much earlier time, it is abundantly clear that the experience was not related, in any direct way, to the facts of the instant case.  The court's remark was gratuitous, intemperate, and totally unnecessary.  It should not have been made.  However, having said all of this, I find absolutely no basis in the record for concluding that this earlier experience affected the court's judgment in this case.  There was more than sufficient evidence to support all of the trial court's rulings, save the court's decision pertaining to Mother's "supervised" visitation.  On the recusal issue, the record does not support a holding that the trial court committed reversal error.

The second matter I wish to address is the trial court's decision to restrict Mother's visitation with her daughter to "supervised" time.  One must make a distinction between the relationship of Mother and Father and that of Mother and the parties' child.  I find no evidence indicating that Mother's time with the child should be supervised.  The well-documented animus of Mother toward Father in this case does not translate into proof that the child will be harmed by spending unsupervised time with her mother.  The trial court's specific findings as set forth on page 11 of the majority opinion supports a holding that Mother is entitled, at a minimum, to unsupervised standard visitation.  The proof establishes that Mother has many character flaws; but being a bad, unloving, and/or uncaring parent cannot be numbered among them.

---

[1] The 2004-2005 Tennessee State Judges Pictorial Directory states that Judge Swann's initial term began on September 1, 1982.

I concur.


_____
CHARLES D. SUSANO, JR., JUDGE